BENEDICT O'MAHONEY (State Bar No.152447)
TERRA LAW LLP
177 Park Avenue, Third Floor
San Jose, California 95113
Telephone: 408-299-1200
Facsimile: 408-998-4895
Email: bomahoney@terralaw.com

JONATHAN T. SUDER (*Pro Hac Vice To Be Filed)*
CORBY R. VOWELL (*Pro Hac Vice To Be Filed)*
TODD I. BLUMENFELD (*Pro Hac Vice To Be Filed)*
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
Telephone: (817) 334-0400
Facsimile: (817) 334-0401
Email: jts@fsclaw.com
Email: vowell@fsclaw.com
Email: blumenfeld@fsclaw.com

Attorneys for Plaintiff
SOFTVAULT SYSTEMS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SOFTVAULT SYSTEMS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>BENTLEY SYSTEMS, INCORPORATED,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NOS. 6,249,868 AND 6,594,765**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff SOFTVAULT SYSTEMS, INC. files its Complaint against Defendant BENTLEY SYSTEMS, INCORPORATED, alleging as follows:

**<u>THE PARTIES</u>**

1. Plaintiff SOFTVAULT SYSTEMS, INC. ("SOFTVAULT") is a corporation organized and existing under the laws of the State of Washington with its principle place of business in the State of Washington.

2. Upon information and belief, BENTLEY SYSTEMS, INCORPORATED ("Defendant" OR "Bentley") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Exton, PA. Defendant may be served with process through its registered agent CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, CA 90017.

**JURISDICTION AND VENUE**

3. This is an action for infringement of United States patents. This Court has exclusive jurisdiction of such action under Title 28 U.S.C. § 1338(a).

4. Upon information and belief, Bentley is subject to personal jurisdiction by this Court. Bentley has committed such purposeful acts and/or transactions in the State of California that it reasonably knew and/or expected that it could be hailed into a California court as a future consequence of such activity. Bentley makes, uses, and/or sells infringing products within the Northern District of California and has a continuing presence and the requisite minimum contacts with the Northern District of California where Defendant resides, such that this venue is a fair and reasonable one. Upon information and belief, Bentley has transacted and, at the time of the filing of this Complaint, is continuing to transact business within the Northern District of California. For all of these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1), (2) and (c)(2) and 28 U.S.C. § 1400(b).

**PATENTS-IN-SUIT**

5. On June 19, 2001, United States Patent No. 6,249,868 BI ("the '868 Patent") was duly and legally issued for "METHOD AND SYSTEM FOR EMBEDDED, AUTOMATED, COMPONENT-LEVEL CONTROL OF COMPUTER SYSTEMS AND OTHER COMPLEX SYSTEMS." A true and correct copy of the '868 Patent is attached hereto as Exhibit A and made a part hereof.

6. On July 15, 2003, United States Patent No. 6,594,765 B2 ("the '765 Patent") was duly and legally issued for "METHOD AND SYSTEM FOR EMBEDDED, AUTOMATED, COMPONENT-LEVEL CONTROL OF COMPUTER SYSTEMS AND OTHER COMPLEX

SYSTEMS." A true and correct copy of the '765 Patent is attached hereto as Exhibit B and made a part hereof.

7. The '868 Patent and the '765 Patent are sometimes referred to herein collectively as "the Patents-in-Suit."

8. As it pertains to this lawsuit, the Patents-in-Suit, very generally speaking, relate to a method and system of protecting electronic, mechanical, and electromechanical devices and systems, such as for example a computer system, and their components and software from unauthorized use. Specifically, certain claims of the '868 and '765 Patents disclose the utilization of embedded agents within system components to allow for the enablement or disablement of the system component in which the agent is embedded. The invention disclosed in the Patents-in-Suit discloses a server that communicates with the embedded agent through the use of one or more handshake operations to authorize the embedded agent. When the embedded agent is authorized by the server, it enables the device or component, and when not authorized the embedded agent disables the device or component.

**FIRST CLAIM FOR RELIEF**

**(Patent Infringement)**

9. SoftVault repeats and realleges every allegation set forth above.

10. SoftVault is the owner of the Patents-in-Suit with the exclusive right to enforce the Patents-in-Suit against infringers, and collect damages for all relevant times, including the right to prosecute this action.

11. Upon information and belief, Bentley is liable under 35 U.S.C. §271(a) for direct infringement of the Patents-in-Suit because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells, and/or offers for sale products and/or systems that practice one or more claims of the Patents-in-Suit.

12. Upon information and belief, Bentley is also liable under 35 U.S.C. §271(b) for inducing infringement of, and under 35 U.S.C. §271(c) for contributory infringement of the Patents-in-Suit because it manufactures, makes, has made, uses, practices, imports, provides,

supplies, distributes, sells, and/or offers for sale products and/or systems that practice one or more claims of the Patents-in-Suit.

13. More specifically, Bentley infringes the Patents-in-Suit because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells, and/or offers for sale products and systems which prevent unauthorized use of a computer system through the ability to enable or disable the operation of a device's components through an authorization process performed by an embedded agent in the application software and a server, known as product activation. Bentley states on its website that most of its applications include the accused product activation features, which includes its MicroStation, ProjectWise, and AssetWise software[1] which communicate with a Bentley SELECTserver to activate the products.

14. All Bentley products which include its product activation features have, at a minimum, in the past directly infringed and continue to directly infringe at least Claims 19 and 44 of the '868 Patent, as well as at least Claim 11 of the '765 Patent.

15. Bentley includes the product activation features in its software applications to enforce licensing policies and ensure that only authorized copies of Bentley software applications may be installed and used on a client computer. The product activation feature requires that a portion of the code in the installed Bentley application communicate with a Bentley license server, called SELECTserver, over the Internet to activate (or enable) the application. Upon installation of a Bentley application, the product activation feature prompts a user to activate the application by entering in an activation key. The license server exchanges messages constituting a handshake operation with the product activation code in the application to determine whether the license for the application is valid. When the product activation code in the application is authorized by the license server, it enables the application in which it is embedded to operate normally. When the product activation code is not authorized by the license server, the application is disabled.

16. By providing these systems, Bentley has, in the past and continues to induce its customers and/or end users to infringe at least Claims 19 and 44 of the '868 Patent, as well as at

---

[1] See http://communities.bentley.com/products/licensing/w/licensing__wiki/2772.

least Claim 11 of the '765 Patent. For example, end users of the accused products directly infringe at least Claims 19 and 44 of the '868 Patent, as well as at least Claim 11 of the '765 Patent, when using or employing these systems.

17. On information and belief, Bentley possessed a specific intent to induce infringement by at a minimum, providing user guides and other sales-related materials, by way of advertising, solicitation, and provision of product instruction materials, instructing its customers and end users on the normal operation of the accused products that infringe the Patents-in-Suit.

18. Bentley has actual notice of the Patents-in-Suit at least as early as the filing of this Complaint. Therefore, Bentley had knowledge of, or was willfully blind to, the existence of the Patents-in-Suit since the time of the filing of this Complaint, if not earlier.

19. By providing these systems, Bentley has, in the past and continues to contribute to the infringement of its customers and/or end users of at least Claims 19 and 44 of the '868 Patent, as well as at least Claim 11 of the '765 Patent.

20. Upon information and belief, the product activation feature within Bentley's accused products has no substantial non-infringing uses, and Bentley knows that the product activation feature is especially made or especially adapted for use in a product that infringes the Patents-in-Suit.

21. SoftVault has been damaged as a result of Bentley's infringing conduct. Bentley is, thus, liable to SoftVault in an amount that adequately compensates SoftVault for Bentley's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

SoftVault requests that the Court find in its favor and against Bentley, and that the Court grant SoftVault the following relief:

a. Judgment that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by Bentley;

b. Judgment that Bentley account for and pay to SoftVault all damages to and costs incurred by SoftVault because of Bentley' infringing activities and other conduct complained of herein;

c. That Bentley, its officers, agents, servants and employees, and those persons in active concert and participation with any of them, be permanently enjoined from infringement of the Patents-in-Suit. In the alternative, if the Court finds that an injunction is not warranted, SoftVault requests an award of post judgment royalty to compensate for future infringement;

e. That SoftVault be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Bentley' infringing activities and other conduct complained of herein;

f. That this Court declare this an exceptional case and award SoftVault its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

g. That SoftVault be granted such other and further relief as the Court may deem just and proper under the circumstances.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: June 25, 2015.

/s/ Benedict O'Mahoney
Benedict O'Mahoney
TERRA LAW LLP (Bar No.152447)
177 Park Avenue, Third Floor
San Jose, California 95113
Telephone: 408-299-1200
Facsimile: 408-998-4895
Email: bomahoney@terralaw.com

Attorney for Plaintiff
SOFTVAULT SYSTEMS, INC.

Of Counsel:

Jonathan T. Suder
Corby R. Vowell
Todd Blumenfeld
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
Telephone: (817) 334-0400
Facsimile: (817) 334-0401
Email: jts@fsclaw.com
Email: vowell@fsclaw.com
Email: blumenfeld@fsclaw.com

4825-6139-0117, v. 1